UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| TIMOTHY R. FUGATE,           )<br>                                            )<br>       Plaintiff,                    )<br>                                            )<br>v.                                        )<br>                                            )<br>FAYETTE CO. DET. CTR., *et al.*,   )<br>                                            )<br>       Defendants.              )<br>                                            ) | Civil No. 5:23-cv-00326-GFVT<br><br><br><br>**ORDER OF DISMISSAL** |

*** *** *** ***

This matter is before the Court on Plaintiff Fugate's failure to comply with the Orders of this Court. Proceeding without an attorney, Plaintiff Timothy R. Fugate filed a civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1.] However, his Complaint was not filed on a form approved for use by this Court as required by Local Rule 5.3. In addition, Mr. Fugate did not pay the $350.00 filing fee and the $52.00 administrative fee; nor did he filed a motion to pay the filing fee in installments pursuant to 28 U.S.C. § 1915. Thus, on December 13, 2023, the Court entered an Order directing the Clerk of the Court to forward copies of the required forms to Mr. Fugate and provided Mr. Fugate with an additional 30 days within which to: (1) file a new complaint using the Court's form; and (2) either pay the filing and administrative fees in full or to file a motion to proceed *in forma pauperis*. [R. 5.] Mr. Fugate was warned that this action would be dismissed without prejudice should he fail to take either of these steps within the time provided. *Id*.

This deadline has now come and gone with no response from Plaintiff Fugate. In addition, the copy of the Court's Order and the *Pro Se* Filer packet sent to Mr. Fugate at his

address of record was returned to the Clerk of the Court as undeliverable, with a notation indicating that Mr. Fugate has been released from the Fayette County Detention Center. [R. 6.] However, Mr. Fugate has failed to file a notice with the Clerk of the Court updating his address of record.

Local Rule 5.3(b) specifically provides that "[w]hen required to do so, a *pro se* litigant's failure to file his or her petition on a court-supplied form within thirty (30) days may be grounds for dismissal." *See* LR 5.3(b). Moreover, Local Rule 5.4(a)(2) requires prisoners seeking leave to proceed without prepayment of the entire filing fee to comply with the requirements of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2), which requires submission of an affidavit from the prisoner, as well as a certified copy of the prisoner's trust fund account statement for the 6-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(1)(2); LR 5.4(a)(2). Mr. Fugate has done neither of these things, despite the Court's specific instructions regarding the need to comply with these requirements to properly initiate his case.

The authority of a federal trial court to dismiss a plaintiff's action for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Rwy. Co.*, 370 U.S. 626, 629–30 (1962). *See also Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed. R. Civ. P. 41(b)] to enter a *sua sponte* order of dismissal."). In determining whether to dismiss a case for failure to prosecute, the Sixth Circuit has directed courts to consider:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

2

>(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (*quoting Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

With respect to the first and third factors, a court may consider a party's inaction in the face of a court's clear dismissal warning as an indication of willful noncompliance. *Lovejoy v. Owens*, 19 F.3d 1433 (6th Cir. 1994) (Table) (citing *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)). Here, Mr. Fugate failed to comply with (or even respond to) the Court's Order directing him to complete and file the complaint form and pay the filing fee or file a motion to proceed *in forma pauperis*. The Court clearly warned Mr. Fugate that his failure to comply with these directives would result in the dismissal of his case.

With respect to the second factor, at this early stage of the proceedings there is little chance that Mr. Fugate's non-compliance has visited any meaningful prejudice upon the Defendants. As for the fourth factor, where the plaintiff is incarcerated, has *de minimis* funds with which to pay a monetary sanction, and has simply failed to respond in any way to the Court's Order, the Court is unaware of any lesser sanction that would be effective in eliciting compliance from the Plaintiff. *See Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 738 (6th Cir. 2008) ("This court has never held that a district court is without power to dismiss a complaint as the first and only sanction and is loath to require the district court to incant a litany of the available lesser sanctions.") (cleaned up). This is particularly true where, as here, Plaintiff Fugate has failed to update his address of record with the Clerk of the Court, thus the Court has no way to contact him.

Evaluating all of these factors, the Court concludes that Mr. Fugate's Complaint should be dismissed without prejudice under Rule 41(b) for failure to prosecute. *Jourdan v. Jabe*, 951

F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders).

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff Fugate's Complaint **[R. 1]** is **DISMISSED WITHOUT PREJUDICE**;

2. The Court will enter an appropriate Judgment; and

3. This matter is **DISMISSED** and **STRICKEN** from the Court's active docket.

This the 29th day of January, 2024.

Gregory F. Van Tatenhove
United States District Judge